IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMEKO MALONE,

        Plaintiff,        CV F 06 0200 LJO WMW P

   vs.                    ORDER RE MOTION (DOC 19)

SGT. BARKER,

        Defendant.

     Plaintiff is a state prisoner proceeding pro se in a civil rights action.  Pending before the court is Defendant's motion to compel the deposition of Plaintiff.

     Plaintiff  filed his complaint on February 22, 2006.  Plaintiff that during his incarceration as an inmate at California Correctional Institution, located at Tehachapi, California (CCI), Defendant Barker, aware that Plaintiff was medically prevented from engaging in heavy lifting and repeated bending, forced Malone to move his personal property from one cell to another without the aid of a pushcart.

     In support of the motion to compel, Defendant Barker submits the declaration of Phillip Arthur, counsel for Defendant.  Mr. Douglas declares that Plaintiff appeared for his depostition on December 8, 2006.  Plaintiff refused to allow the deposition to go forward, insisting that he would only proceed with the deposition after the court ruled on his motion for appointment of

1  counsel, filed on the same day.  Unable to obtain a stipulation by Plaintiff to go forward, counsel
2  adjourned the deposition.
3      A  party may take the oral deposition of any person, including a party, by oral deposition
4  without leave of court. Fed. R. Civ. P. 30(a)(1). A party desiring to take the deposition of any
5  person upon oral examination shall give reasonable notice in writing to every other party to the
6  action. The notice shall state the time and place for taking the deposition, and the name and
7  address of each person to be examined. Fed. R. Civ. P. 30(b)(1).
8      Pursuant to the Federal Rules of Civil Procedure, if a party fails to appear before the
9  officer who is to take the deposition, after being served with a proper notice, the court in which
10 the action is pending on motion may make such orders in regard to the failure as are just,
11 including dismissal and the payment of reasonable expenses and attorney's fees. Fed. R. Civ. P.
12 37(d).
13     Plaintiff's deposition was properly noticed.  The court finds that Plaintiff's refusal to
14 participate in his deposition prohibits Defendant from properly evaluating the merits of
15 Plaintiff's case assessing Plaintiff's damage claims.  The court will therefore compel Plaintiff's
16 attendance at a properly noticed deposition.  Plaintiff is cautioned that his failure to appear at a
17 properly noticed deposition will result in a recommendation that this action be dismissed as a
18 sanction.
19     Accordingl, IT IS HEREBY ORDERED that Defendant's motion to compel Plaintiff's
   attendance at his deposition is granted.  Plaintiff is ordered to attend and cooperate in his
20 deposition pursuant to a deposition notice which Defendant's counsel will serve within one week
   of this order.  The deposition will take place at Mule Creek State Prison, located at 4001
21 Highway 104, Ione, California, at a date and time to be specified in the forthcoming deposition
   notice.  If Plaintiff refuses to attend and cooperate in his deposition, the Court will recommend
22 dismissal pursuant to Federal Rule of Civil Procedure 37(d).IT IS SO ORDERED.

23 **Dated:   September 27, 2007**            **/s/  William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE