IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMEKO MALONE,

        Plaintiff,        1: 06 CV 0200 LJO WMW PC

  vs.                  ORDER RE MOTION (DOC 45)

SERGEANT BARKER,

        Defendant.

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's July 21, 2008, motion to compel.  Defendant has opposed the motion.

     Plaintiff seeks to compel Defendant Barker to respond to Plaintiff's first set of rfequests for admissions, requests 10-13, 16-17, and 21, subparts 1-2, 12, 14, and 15, as well as Plaintiff's fifth set of requests for production of documents, request 14.

     Plaintiff's requests, and Defendant's responses, follow.

     **Requests 10-11.**  In request 10, Plaintiff asks whether the current practice at CCI requires that a CDC 128-C Health Services Chrono be issued to every inmate who suffers from a medical condition that in some way impacts their daily living activities.  In request 11, Plaintiff asks whether the current practice at CCI requires that a CDC 128-C Health Services Chrono be issued

to every inmate in need of medical attention to ensure they receive appropriate medical treatment. Barker responded that he is without sufficient information to admit or deny because he does not work in, nor is he familiar with the practices of, CCI's medical department. Plaintiff, dissatisfied with that response, would like Barker to admit or deny. In his response, Barker stated that he could neither admit nor deny because the requests concern the current practice of CCI's medical department, which, as noted above, he neither works in, nor is he familiar with its practices. Barker, a correctional officer, is alleged to have forced Plaintiff to push a cart, despite a medical chrono that prohibited Plaintiff from lifting.

The court finds that Defendant has responded to Plaintiff's request. Defendant does not have a sufficient basis on which to admit or deny. Plaintiff's motion is denied as to requests 10 and 11.

**Request 12.** Plaintiff asks Barker whether his failure to obtain a pushcart on July 26, 2005, to assist him in moving his property interfered with his medical needs by causing him pain and suffering. Barker indicated that he is without sufficient information to admit or deny because he is not a medical doctor and has never examined Plaintiff. Further, Barker, a correctional officer, is not a medical professional and is not qualified to examine Plaintiff or render a medical opinion. Barker also argues that the information Plaintiff seeks is information that Plaintiff knows and can readily obtain. The motion is therefore denied as to request 12.

**Request 13.** Plaintiff again seeks Barker's opinion. Plaintiff seeks Barker's view on whether a person dragging 80 to 100 pounds of property a distance of 50 yards could cause significant pain to that person if they had an existing serious medical condition. Barker objects on the ground that he does not have sufficient information to admit or deny this request. Plaintiff argues that Barker need not be a medical doctor to answer this question. Plaintiff is not seeking specific information - he is seeking an opinion. Barker states that he does not have sufficient information on which to render an opinion, and can not therefore admit or deny the request.

Defendant's response complied with Federal Rule of Civil Procedure 36(a)(4): "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only of the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Plaintiff is asking Defendant for a medical opinion. Defendant's response complies with Rule 36(a)(4). The motion is therefore denied as to request 13.

**Request 16.** Plaintiff asks whether the current practice at CCI requires that a physician's diagnosis, regarding the medical needs of each inmate at CCI, be placed in a CDC 128-C Health Services Chrono. Plaintiff also asks whether Barker has a full understanding of his medical condition and needs. Barker's response, as above, is that he is without sufficient information to admit or deny this request. Barker notes that he is not familiar with the practices of CCI's medical department, as he does not work there. Barker argues that the information Barker knows and can readily obtain insufficient to enable him to admit or deny this request. He has therefore complied with Rule 36 (a)(4). The motion to compel should therefore be denied as to this request.

**Request 17.** Plaintiff asks, whether in Barker's opinion, his failure to provide Plaintiff with a pushcart on the date in issue, to assist Plaintiff in moving his property, presented a substantial risk of permanent disability and damage to Plaintiff. Barker's response is that he is without sufficient information to admit or deny and that he is not a medical doctor and would need to either have examined or treated Plaintiff. Barker's response complies with Rule 36(a)(4). The motion should therefore be denied as to this request.

**Request 21, subpart 1.** Plaintiff asks Barker to admit the genuineness of "CDC 7362 Heath Care Services Request From dated 7-27-05 from plaintiff Malone showing that he was experiencing health problems, due to the incident of 7-25/7-26 of having to drag his property across the prison yard, and reinjured lower back and left shoulder, transferring from CCI to

LAC." Barker responded that, a with the above requests, he is without sufficient information to admit or deny. Barker notes that the document attached to Plaintiff's request is a handwritten document. The document does not depict what Plaintiff describes in his request. Defendant's response complies with Rule 36(a)(4). The motion is therefore denied as to this request.

**Request 21, subpart 2.** Plaintiff asks Barker to admit the genuineness of "CDC 7362 Health Care Services Request Form dated 7-31-05 from plaintiff Malone showing that he continued to get medical attention due to incidents of 7-25/7-26 at CCI involving Sgt. Barker and unknown CO causing him to reinjure his left shoulder and lower back." Barker responded that he is without information to admit or deny. As with the others, the request seeks Barker's opinion, and does not appear designed to elicit any facts that Barker would be aware of. Barker's response complies with Rule 36(a)(4). The motion should therefore be denied as to this request.

**Request 21, subpart 12.** Plaintiff asks Barker whether during the portion of Plaintiff's July 26, 2005 move from CCI that Barker supervised, Barker subjected Plaintiff to needless pain, discomfort, or a threat to his health after failing to provide Plaintiff with a pushcart. Barker responded as before, that he is without sufficient information to admit or deny. Barker's response complies with Rule 36(a)(4). The motion should therefore be denied as to this request.

**Request 21, subpart 14.** Here, Plaintiff asks Barker whether he believed that the doctor who issued the medical chrono believed that Plaintiff's medical condition was serious enough to warrant a medical chrono. Again, because Barker is not a doctor, he responded that he is without sufficient information to admit or deny. Barker's response complies with Rule 36(a)(4). The motion should therefore be denied as to this request.

**Request 21, subpart 15**. Again, Plaintiff seeks Barker's opinion. Plaintiff asks whether, in Barker's opinion, dragging 80 to 100 pounds of property during his July 26, 2005, move from CCI caused significant pain to Plaintiff's existing medical condition. Barker's response, that he is not a medical doctor and is without sufficient information to admit or deny, properly

responded pursuant to Rule 36(a)(4). The motion should therefore be denied as to this request.

**Request 14, fifth set of interrogatories.** This request is addressed in a separate motion to compel, which is resolved by separate order. Plaintiff sought a document, which Defendant provided, in redacted form, in a supplemental response. The court finds the supplemental response to be responsive to Plaintiff's request. The motion should therefore be denied as to his request.

The bulk of Plaintiff's requests for admissions at issue in this motion seek the opinion of Defendant, and appear as an attempt to elicit legal or medical conclusions from Defendant. Plaintiff appears to attempt to have Barker admit that Plaintiff suffered injury as a result of Defendant's actions. The court finds that Defendant has properly responded to Plaintiff's requests in accord with Rule 36(a)(4).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel is denied as to Plaintiff's first set of requests for admissions, requests 10-13, 16-17, and 21, subparts 1-2, 12, 14, and 15, as well as Plaintiff's fifth set of requests for production of documents, request 14.

IT IS SO ORDERED.

**Dated:   January 12, 2009**          /s/ **William M. Wunderlich**
                                     UNITED STATES MAGISTRATE JUDGE