IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOMEKO MALONE,

        Plaintiff,            1: 06 CV 0200 LJO WMW PC

   vs.                         ORDER RE MOTION (DOC 36)

SERGEANT BARKER,

        Defendant.

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Plaintiff's April 25, 2008, motion to compel.  Defendant has opposed the motion.

     Plaintiff seeks to compel Defendant Barker to "answer fully interrogatory number 5." Plaintiff attaches as an exhibit to his motion a copy of request number 5, along with the response. Plaintiff's request, Defendant's response and supplemental response are phrased as follows:

> That plaintiff be able to conduct discovery of his previous cellmate, which was housed with him on 7-25 and 7-26 in same module and cell in the form of written interrogatories and for defendant to provide name of cellmate and his current address, which as I plaintiff knows, that he is still incarcerated, due to he told me he had many more years to do.
>
> Response: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous as to time, is not a request to produce specific identifiable documents, purports to compel

Defendant to conduct an investigation on behalf of Plaintiff, seeks to invade the privacy of other inmates, is not a request to produce specific identifiable documents, and disclosure of such information would create a hazard to the safety and security of the institution. Without waiving these objections, and assuming the request is asking for a document showing who Plaintiff's cellmate was on July 25 and 26, 2005, after a reasonable and diligent search, Defendant has no responsive documents in his possession, custody, or control.

Supplemental Response: Defendant objects to this request on the grounds that it is overly broad, vague, and ambiguous as to time, not a request to produce specific identifiable document, purports to compel Defendant to conduct an investigation on behalf of Plaintiff, seeks to invade the privacy of other inmates, is not a request to produce specific identifiable documents, and disclosure of such information would create a hazard to the safety and security of the institution.  Without waiving these objections, and assuming this request is asking for a document showing who Plaintiff's cellmate was on July 25 and 26, 2005, properly redacted copies of all responsive documents in Defendant's possession, custody, and control are attached as Exhibit A.

Exhibit A reveals the name of the cellmate.

As to Plaintiff's request, the court finds Defendant's answer to be responsive.  In his motion, Plaintiff seeks additionaldocuments, which Defendant agrees to provide.  There are no grounds to compel a further response to interrogatory number 5.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to compel a response to interrogatory number 5 is denied.


IT IS SO ORDERED.

**Dated:   January 22, 2009**               **/s/  William M. Wunderlich**
                                            UNITED STATES MAGISTRATE JUDGE