# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMEKO MALONE, | CASE NO. 1:06-cv-00200-LJO-YNP PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Doc. 57, 58) |
| SGT. BARKER, et al., | |
| Defendants. / | |

Plaintiff Tomeko Malone ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2009, Plaintiff filed a motion for extension of time. (Doc. #57.) Plaintiff requested that the Court extend the deadline for filing objections to its February 18, 2009 findings and recommendation recommending that Defendant's motion for summary judgment be granted. Plaintiff's motion for extension of time was filed after the Court had already adopted the findings and recommendation. On April 10, 2009, Plaintiff filed a motion for reconsideration, requesting that the Court vacate its order granting Defendant's motion for summary judgment. (Doc. #58.)

**I.  Background**

Defendant filed a motion for summary judgment on April 11, 2008. (Doc. #34.) Plaintiff filed an opposition on June 4, 2008. (Doc. #40-42.) Defendant filed a reply on June 11, 2008. (Doc. #43.) On February 18, 2009, the Court issued a findings and recommendation in response to the motion for summary judgment. (Doc. #49.) The Court found that Defendant met his burden of demonstrating the absence of any genuine issue of material fact and that the undisputed facts show

that Defendant was entitled to judgment in his favor. The Court also found that Plaintiff failed to offer evidence that demonstrated the existence of any material disputed facts. The Court concluded that the undisputed facts show that Defendant did not act with deliberate indifference and that his motion for summary judgment should be granted. Defendant's motion for summary judgment was granted and this action was closed.

Plaintiff was given 30 days to file objections to the findings and recommendation. Plaintiff was also granted an extension of time, making his objections due on March 28, 2009. On March 30, 2009, the Court adopted the findings and recommendation and noted that Plaintiff had not filed any objections within the 30 day deadline. The same day, the Plaintiff filed objections to the findings and recommendation. Plaintiff now seeks an extension of time to render his objections timely filed. Plaintiff also asks the Court to reconsider the disposition of the motion for summary judgment.

**II.     Discussion**

Plaintiff essentially requests that the Court vacate its March 30, 2009 order rendering judgment in favor of Defendant. Under Federal Rule of Civil Procedure 60(b)(1)-(3), the Court may relieve a party from a final judgment, order or proceeding in circumstances that involve mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. Rule 60(b)(6) permits relief from final judgment for "any . . . reason that justifies relief." However, relief under Rule 60(b)(6) is warranted only if extraordinary circumstances exist. Maraziti v. Thorpe, 52 F.3d 252, 254-55 (9th Cir. 1995) (citing Ackermann v. United States, 340 U.S. 193, 199-201 (1950); Waggoner v. R. McGray, Inc., 743 F.2d 643, 645 (9th Cir. 1984)).

Plaintiff contends that judgment should be vacated because he was unable to file objections in time. In his motion for an extension of time, Plaintiff claims he filed his objections in a timely manner because they were due on March 28, 2009 and by operation of the mailbox rule, his objections should have been deemed filed on March 26, 2009, the day he mailed his objections. However, even assuming that Plaintiff's objections were filed in a timely manner, the Court will not relieve Plaintiff from the final judgment rendered in this action unless Plaintiff's objections would have affected the Court's decision to adopt the findings and recommendation. The Court has read Plaintiff's objections and finds that it does not. Plaintiff's objections do not contain any new or

different arguments or facts that were not already presented in Plaintiff's opposition to Defendant's motion for summary judgment. Plaintiff was informed that he may not rely on denials and allegations to demonstrate the existence of a disputed fact. Plaintiff must provide admissible evidence to oppose Defendant's motion for summary judgment. Plaintiff has failed to present admissible evidence that reasonably rebuts Defendant's evidence that demonstrates that he did not act with deliberate indifference. Thus, Plaintiff's objections would not have affected the Court's ruling on Defendant's motion for summary judgment. The Court will deny Plaintiff's motion.

### III. Conclusion and Order

Plaintiff has failed to demonstrate the existence of any facts or circumstances that justify relief from final judgment under Rule 60. Plaintiff's objections to the Court's findings and recommendations that recommended granting Defendant's motion for summary judgment failed to raise any new facts or arguments that were not already considered by the Court when issuing the findings and recommendation. Thus, Plaintiff's demonstration that his objections were timely filed fail to affect the Court's ruling on Defendant's motion for summary judgment.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for extension of time, filed on April 6, 2009, is denied as moot; and

2. Plaintiff's motion for reconsideration, filed on April 10, 2009, is DENIED.

IT IS SO ORDERED.

**Dated: February 9, 2010**  /s/ Lawrence J. O'Neill
UNITED STATES DISTRICT JUDGE

3